107 F.3d 2
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Gerald ARDITO, individually and on behalf of all others
similarly situated, Plaintiff-Appellant,
v.
Philip COOMBE, Jr., Defendant-Appellee.
 No. 96-2105.
 United States Court of Appeals, Second Circuit.
 Feb. 26, 1997.
 
 APPEARING FOR APPELLANT: Mitchell A. Karlan, Gibson, Dunn, & Crutcher, New York, N.Y.
 APPEARING FOR APPELLEE: June Duffy, Assistant Attorney General of the State of New York, New York, N.Y.
 Before MINER, WALERK, Jr., and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is DISMISSED.
 
 
 3
 Plaintiff-Appellant Gerald Ardito brought this action in the Southern District of New York on behalf of himself and all other Muslims incarcerated in New York State prisons, seeking declaratory and injunctive relief requiring appellee Philip Coombe, Jr., the Commissioner of the New York State Department of Correctional Services, to provide Muslim prison inmates with meat that conforms to the requirements of the Islamic faith (called "Halal" meat). The State moved to dismiss Ardito's complaint on the basis of improper venue under 28 U.S.C. § 1391(b), because neither Ardito nor Coombe resided in the Southern District of New York. Ardito opposed the motion, arguing that venue was proper because other putative class members are incarcerated in the Southern District. Without ruling on Ardito's motion for class certification, the district court granted the defendant's motion for dismissal. This appeal followed.
 
 
 4
 During the course of this appeal, a Muslim inmate residing in the Southern District of New York, represented by the same attorney who represents Ardito, filed a complaint against Coombe seeking identical relief on behalf of the same putative class of prisoners based on the same legal theory. The district court in that case has certified a class consisting of all persons who seek to maintain a Halal diet and are now or will be incarcerated in facilities operated by the New York State Department of Correctional Services. Abdul-Malik v. Coombe, No. 96 Civ. 1021, slip op. at 9 (S.D.N.Y. Dec. 6, 1996). Ardito is a member of that class.
 
 
 5
 On January 6, 1997, we issued an order inviting Ardito to show cause why this appeal should not be dismissed as moot, since Ardito, as a class member in Abdul-Malik, would receive in that litigation all the relief to which he might be entitled in this one.
 
 
 6
 Ardito contends in response that this appeal is not moot because he has an interest in serving as a class representative. He argues that it may be too late for him to intervene as a class representative in Abdul-Malik.
 
 
 7
 We reject Ardito's argument. Assuming that a desire to serve as a class representative is an interest sufficient to prevent an action from becoming moot in these circumstances, Ardito has had the opportunity to intervene as a representative plaintiff in Abdul-Malik since February 9, 1996, when the action was filed. Indeed, he had an incentive to do so, because it was clear that, if this appeal were decided against him, he would be left without the opportunity to participate as a class representative. As we explained more fully in our order of January 6, 1997, Ardito's appeal appears to be both moot and, at the very least, needlessly duplicative. Given these circumstances, we find that dismissal is appropriate notwithstanding that, as a result of his inaction, it may be too late for Ardito to intervene as class representative in the Abdul-Malik action.